UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK

Patriot Medical Technologies of Ohio, Inc.,
f/k/a Novare Services, Inc.,
9801 Washingtonian Boulevard
Gaithersburg, Maryland 20878,

                            Plaintiff,

-against-

                            **COMPLAINT**
                            **Trial by Jury Demanded**

                            Case No. 1:13-CV-1131 (LEK/RFT)

The Columbia Memorial Hospital
a/k/a The Columbia Memorial Hospital, Inc.
71 Prospect Avenue
Hudson, New York 12534,

                            Defendant.

Plaintiff, Patriot Medical Technologies of Ohio, Inc., f/k/a Novare Services, Inc., (hereinafter, "plaintiff" or "PMT"), as and for a complaint against the defendant, The Columbia Memorial Hospital a/k/a The Columbia Memorial Hospital, Inc., (hereinafter, "defendant" or "CMH"), alleges the following:

## PARTIES

1.    At all times hereinafter mentioned, PMT was and is a foreign business corporation incorporated in the State of Ohio and authorized to conduct business in the State of New York.

2.    Upon information and belief, at all times hereinafter mentioned, CMH was and is a domestic not-for-profit corporation authorized to conduct business in the State of New York.

## JURISDICTION AND VENUE

3. Plaintiff repeats, reiterates and incorporates herein each and every preceding paragraph as if set forth in full.

4. Pursuant to 28 U.S.C. §1332(a)(3), the court has jurisdiction over the claims asserted herein, as the matter in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because defendant CMH was subject to personal jurisdiction in this judicial district at the time this action was commenced and the events or admissions giving rise to the causes of action alleged herein occurred in the State of New York, including in this judicial district.

## FACTS

6. Plaintiff repeats, reiterates and incorporates herein each and every preceding paragraph as if set forth in full.

7. The subject matter of this action arises out of the provision of goods and/or services by PMT to CMH.

8. On or about October 1, 2000, PMT and CMH entered into an agreement for the provision of management and other services by PMT for certain of CMH's medical equipment and other equipment assets.

9. A copy of the agreement which was entered into between PMT and CMH, entitled "Novare Capital Asset Management Services (CAMS™) Agreement For Columbia Memorial Hospital" (hereinafter, "the agreement"), is annexed hereto as Exhibit A.

10. Pursuant to the terms of the agreement, CMH agreed to pay PMT a monthly fee for management and other services.

11.     Pursuant to the terms of the agreement, there was a percentage of increase or decrease of the fee on each annual anniversary of the agreement.

12.     As of March 5, 2013, the monthly fee pursuant to the agreement was thirty-five thousand five hundred eight dollars and thirty-two cents ($35,508.32).

13.     Pursuant to the terms of the agreement, CMH was required to pay the fee for services monthly and thirty (30) days in advance, net due upon the first day of the month preceding the billed month.

14.     Pursuant to the terms of agreement, additional services performed by PMT at CMH's request were to be invoiced to CMH at PMT's then prevailing hourly rate, less ten percent (10%).

15.     During the period when the agreement was in effect, PMT provided services to CMH pursuant to the agreement, for which PMT submitted invoices to CMH.

16.     Pursuant to the terms of the agreement, payment of the fee was considered "delinquent" when not received by PMT within thirty (30) days after the due date.

17.     Pursuant to the terms of the agreement, CMH agreed to pay a late fee of one and a half percent (1.5%) of the delinquent amount per month when its payment was delinquent.

18.     CMH did not submit payment of the fees on certain invoices within thirty (30) days and its account became delinquent under the terms of the agreement; as a result of that delinquency, late fees were assessed against CMH, for which invoices were sent to CMH.

19. Pursuant to the terms of the agreement, CMH was permitted to terminate the agreement at any time, without cause, provided that at least ninety (90) days notice was provided.

20. Pursuant to the agreement, if CMH elected to terminate the agreement without cause, CMH agreed to pay PMT a "breakup fee" in the amount of fifteen percent (15%) of the remaining monthly fees.

21. Pursuant to the terms of the agreement, the "breakup fee" was due on the effective date of the termination.

22. On or about December 5, 2012, CMH elected to terminate the agreement without cause, effective in ninety (90) days, on March 5, 2013.

23. A copy of CMH's letter of December 5, 2012, whereby it terminated the agreement with PMT, is annexed hereto as Exhibit B.

24. At the time when CMH elected to terminate the agreement, the term ended on December 31, 2015.

25. The agreement remained in full force and effect from October 1, 2000 until it was terminated by CMH.

26. PMT provided good and valuable services to CMH while the agreement was in effect.

27. As of the effective date of the termination on March 5, 2013, the monthly service contract payment under the agreement was thirty-five thousand five hundred eight dollars and thirty-two cents ($35,508.32).

28. As of March 5, 2013, there remained thirty-three (33) months and twenty-six (26) days in the term of the agreement.

29. As of March 5, 2013, fifteen percent (15%) of the service contract payments for the remainder of the contract term of thirty-three (33) months and twenty-six (26) days was one hundred eighty thousand two hundred thirty-three dollars and thirty-six cents ($180,233.32), for which CMH was invoiced on February 1, 2013.

30. Annexed hereto as Exhibit B are the balance sheet on CMH's account and copies of the invoices which were sent to CMH for service and repair under the agreement, late fees/finance charges which accrued on delinquent payments and the breakup fee.

31. As of July 23, 2013, three hundred fifty-six thousand two hundred seventy seven dollars and ninety cents ($356,277.90) was due and owing from CMH to PMT and it has not been satisfied to date.

### AS A FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT, PLAINTIFF ALLEGES:

32. Plaintiff repeats, reiterates and incorporates herein all of the foregoing paragraphs as if set forth in full.

33. PMT performed all of the obligations and duties required of it under the agreement.

34. PMT provided good and valuable services to CMH for which it has not been paid.

35. By failing to pay the agreed-to monthly fees, late fees (finance charges) and breakup fee which were due and owing to PMT, CMH has failed to satisfy the obligations and duties required of it under the agreement

36. By reason thereof, CMH has breached the agreement with PMT.

37. As a result of CMH's breach of the agreement, PMT has been damaged in the amount of three hundred fifty-six thousand two hundred seventy seven dollars and ninety cents ($356,277.90) as of July 23, 2013 and is entitled to recover that sum from CMH according to the terms of the agreement.

38. As such, PMT is entitled to judgment over and against CMH in the amount of three hundred fifty-six thousand two hundred seventy-seven dollars and ninety cents ($356,277.90), plus costs, disbursements and interest from July 23, 2013 until the account is satisfied.

### AS A FOR A SECOND CAUSE OF ACTION FOR UNJUST ENRICHMENT, PLAINTIFF ALLEGES:

39. Plaintiff repeats, reiterates and incorporates herein all of the foregoing paragraphs as if set forth in full.

40. CMH has benefitted from the aforementioned work and services provided to it by PMT and is liable to PMT for the value of the work and services provided.

41. CMH will be unjustly enriched if it does not compensate PMT for the work and services provided.

42. PMT is entitled to be compensated the aforementioned work and services provided to CMH .

43. PMT was damaged as a result of CMH's failure to pay for the work and services which it provided to CMH in a timely manner.

44. The value of the goods and/or services provided to CMH by PMT is set forth in the invoices attached as Exhibit B, including invoices STDINV002856 ($1,1225.48),

REPINV007537 ($34,396.32), REPINV007615 ($34,396.32), REPINV007689 ($34,396.32), REPINV007762 ($36,315.30), REPINV007836 ($35,508.32) and REPINV007910 ($5,727.15).

45. PMT is also entitled to damages for the lost time value of money during the periods of time when CMH did not make payment for services within thirty (30) days, the reasonable value of which is the amount of the "finance charges" referred to in the invoices attached.

46. By reason of the foregoing, PMT has been damaged in the amount of one hundred seventy-six thousand forty-four dollars and fifty-eight cents ($176,044.58), plus costs, disbursements and interest on the value of the goods and services rendered since the goods and services were rendered.

### AS A FOR A THIRD CAUSE OF ACTION FOR ACCOUNT STATED, PLAINTIFF ALLEGES:

47. Plaintiff repeats, reiterates and incorporates herein all of the foregoing paragraphs as if set forth in full.

48. From the inception of the agreement through March 5, 2013, PMT periodically mailed invoices to CMH relating to amounts due and owing for services performed for CMH by PMT pursuant to the agreement.

49. Annexed as part of Exhibit B is a statement summarizing the amount which CMH owed to PMT for the services which PMT provided to CMH and fees incurred by CMH up to and including March 5, 2013, for which PMT has not been paid.

50. Invoice FC000414 states that CMH owed PMT $1,042.26 as of December 21, 2010.

51. Invoice FC000433 states that CMH owed PMT $521.13 as of January 27, 2011.

52. Invoice FC000452 states that CMH owed PMT $1,046.38 as of February 25, 2011.

53. Invoice FC000467 states that CMH owed PMT $545.87 as of March 31, 2011.

54. Invoice FC000481 states that CMH owed PMT $356.58 as of April 28, 2011.

55. Invoice FC000495 states that CMH owed PMT $543.78 as of May 26, 2011.

56. Invoice FC000501 states that CMH owed PMT $1,063.51 as of June 23, 2011.

57. Invoice FC000527 states that CMH owed PMT $1,155.37 as of July 21, 2011.

58. Invoice FC000540 states that CMH owed PMT $1,677.25 as of August 23, 2011.

59. Invoice FC000548 states that CMH owed PMT $1,109.86 as of September 22, 2011.

60. Invoice FC000562 states that CMH owed PMT $1,643.72 as of October 25, 2011.

61. Invoice FC000573 states that CMH owed PMT $2,185.41 as of November 22, 2011.

62. Invoice STDINV002460 states that CMH owed PMT $1,685.53 as of December 28, 2011.

63. Invoice FC000585 states that CMH owed PMT $1,710.18 as of January 26, 2012.

64. Invoice FC000589 states that CMH owed PMT $1,734.65 as of February 24, 2012.

65. Invoice FC000595 states that CMH owed PMT $1,496.54 as of March 28, 2012.

66. Invoice FC000601 states that CMH owed PMT $2,071.30 as of April 30, 2012.

67. Invoice FC000609 states that CMH owed PMT $967.39 as of May 24, 2012.

68. Invoice FC000618 states that CMH owed PMT $978.89 as of June 22, 2012.

69. Invoice STDINV002856 states that CMH owed PMT $1,225.48 as of August 2, 2012.

70. Invoice FC000626 states that CMH owed PMT $1,046.92 as of August 27, 2012.

71. Invoice FC000635 states that CMH owed PMT $523.46 as of September 26, 2012.

72. Invoice REPINV007615 states that CMH owed PMT $34,396.32 as of October 1, 2012.

73. Invoice REPINV007689 states that CMH owed PMT $34,396.32 as of November 1, 2012.

74. Invoice REPINV007762 states that CMH owed PMT $36,315.30 as of December 1, 2012.

75. Invoice FC00650 states that CMH owed PMT $1,426.86 as of December 27, 2012.

76.     Invoice REPINV007836 states that CMH owed PMT $35,508.32 as of January 1, 2013.

77.     Invoice FC000663 states that CMH owed PMT $1,942.81 as of January 31, 2013.

78.     Invoice REPINV007910 states that CMH owed PMT $5,727.15 as of February 1, 2013.

79.     Invoice REPINV0007972 states that CMH owed PMT $180,233.36 as of February 1, 2013.

80.     Invoice FC000064 states that CMH owed PMT $1,971.59 as of March 25, 2013.

81.     Invoice FC000706 states that CMH owed PMT $2,525.62 as of April 26, 2013.

82.     The aforementioned invoices were received, accepted and retained by CMH without objection as to the delivery, performance, reasonable value or agreed price of the services referred to therein.

83.     CMH accepted and received the benefit of the services referred to therein, the value of which is as set forth in the above-referenced invoices.

84.     Despite PMT's demand for payment, CMH has not made payment on the balance due and owing on its account.

85.     By reason of the foregoing, an account has been stated between PMT and CMH in the amount of three hundred fifty-six thousand two hundred seventy-seven dollars and ninety cents ($356,277.90), and PMT is entitled to that amount, plus interest since July 23, 2013.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff PMT demands judgment over and against defendant CMH in an amount in excess of seventy-five thousand dollars ($75,000), together with contractual damages and fees, costs, disbursements and such other relief as the court deems just, proper and appropriate.

DATED:　　September 11, 2013　　　　　　　CARTER, CONBOY, CASE, BLACKMORE,
　　　　　　　　　　　　　　　　　　　　　　　　　　MALONEY & LAIRD, P.C.

　　　　　　　　　　　　　　　　　　　　　　By_____
　　　　　　　　　　　　　　　　　　　　　　　　KATHLEEN McCAFFREY BAYNES
　　　　　　　　　　　　　　　　　　　　　　Bar Roll No.: 507154
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　Office and P.O. Address
　　　　　　　　　　　　　　　　　　　　　　20 Corporate Woods Boulevard
　　　　　　　　　　　　　　　　　　　　　　Albany, NY 12211-2362
　　　　　　　　　　　　　　　　　　　　　　Phone: (518) 465-3484


TO:　　The Columbia Memorial Hospital
　　　　a/k/a The Columbia Memorial Hospital, Inc.
　　　　71 Prospect Avenue
　　　　Hudson, New York 12534